### IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF KANSAS

Donna Huffman,
              Plaintiff,

vs.                            Case No. 2:25-cv-2760

Andrew C. Whitaker,
Figari & Davenport, LLP,
Figari + Davenport, and
Jennifer Eve Price,
              Defendants.

### COMPLAINT

**Comes Now** Plaintiff with NOTICE of her action relating to the unauthorized practice of law in Kansas proceedings. In support the following is stated.

### JURISDICTION & VENUE

1. This case is between citizens of different states therefore, Federal Court Jurisdiction is proper for diversity pursuant 28 U.S.C. § 1332.

2. Plaintiff Donna Huffman is a citizen of the State of Kansas.

3. Defendant Andrew C. Whitaker is a citizen of Texas and Partner at Figari & Davenport LLP.

4. Figari & Davenport, LLP, the Firm, is a citizen of Texas located in Dallas.

5. Jennifer Eve Price is a citizen of New York.

6. The conduct first occurred in a Kansas case at the location of 303 Jefferson Street in Jefferson County Kansas, Plaintiff's real estate.

7. No Defendant holds a Kansas license to practice law.

8. All conduct specifically relates to proceedings and the "business" of the Kansas court case.

9. Plaintiff designates the location of trial as Kansas City, Kansas.

## VIOLATIONS OF THE KANSAS CONSUMER PROTECTION ACT
## COUNTS 1-17

For each of the following Counts all of the forgoing and subsequent facts apply as though restated therein with all reasonable inferences derived from the facts presented and liberal construction of the Act in favor of the Plaintiff subject to intended discovery.  Each "act" or "omission" that is prohibited by law, the KCPA, the Kansas Supreme Court by rule or common law is herein set out separately.   For each Count that omits a specific state of mind it is pled in the alternative as knowingly.

10. On September 27, 2021, Andrew Whitaker, a Texas attorney, submitted a motion under Kansas Rule 116 to the Atchison County District Court in Kansas for Pro Hac Vice ("for this time only") Admission of out of state attorney to practice law in Kansas which required and included Whitaker's sworn oath which he intentionally executed therefore has in all instances acted knowingly.  (Whitaker's Sworn Oath Attached)

11. On November 5, 2021 the Atchison County District Court entered an Order granting Andrew Whitaker the *limited authority* to, "practice law before this court for the business of this case only".

12. The Order *was expressly only effective* when Andrew C. Whitaker was appearing *with* the Kansas attorney.

13. Andrew C. Whitaker knew the limited scope and requirements of his authorization to practice law in the Kansas case pursuant the Order as his signature block appears on his own proposed Order submitted on his request which was accepted by the Judge. (Attached)

14. Andrew C. Whitaker was aware of the specific Kansas unauthorized practice of law statute, KSA 50-6,142, prior to December 21, 2022 when he engaged in the unauthorized practice of law in violation of the statute.

2

15. Andrew C. Whitaker is a "person" under KSA 50-6,142 as an individual that knowingly commits acts or omissions that violate this section of the Kansas Consumer Protection Act or aids or abets a person to commit acts or omissions of this section.

16. Andrew C. Whitaker is deemed a "supplier" as a person who was not licensed by the Kansas Supreme Court and not authorized to appear in Kansas proceedings without the Kansas licensed attorney and did so on December 21, 2021 and February 28, 2022.

17. Plaintiff is a "consumer" pursuant KSA 50-6,142(c)(3) as an individual who is aggrieved by violations of the unauthorized practice of law statute including, directly and indirectly dealing with the unlawful prohibited conduct contrary to court order, and not limited to the infringement of the right to be free from conduct that violates the law, the benefit of court orders and rules, the right to a properly constituted proceeding, the right to information without obstruction for which Plaintiff expended effort and funds to obtain, compliance with court rules.

18. Under KSA 50-6,142(b), a violation of the unauthorized practice of law section of the Kansas Consumer Protection Act "constitutes an unconscionable act or practice in violation of KSA 50-627, and amendments thereto, whether or not it involves a consumer, a consumer transaction, or a supplier as defined by KSA 50-624."

19. Each COUNT is a per se unconscionable act or practices under KSA 50-627.

**COUNT I**: **Violation of KSA 50-6,142(a)(1) by Defendant Andrew C. Whitaker**

20. On December 21, 2022 Andrew C. Whitaker attended and entered his appearance at the deposition noticed by Plaintiff for Larry Buessing at her property location of 303 Jefferson Street, Oskaloosa Kansas 66066.

21. The deposition appearance sheet contains the following:

```
         APPEARING FOR THE DEFENDANT METROPOLITAN LIFE
11       INSURANCE COMPANY d/b/a METLIFE, MASS MUTUAL
         FINANCIAL GROUP, and G4S COMPLIANCE AND
12       INVESTIGATIONS:
13           Mr. Andrew C. Whitaker
             Figari & Davenport, LLP
14           901 Main Street, Suite 3400
             Dallas, Texas  75202
15           214-939-2076
             andrew.whitaker@figdav.com
```

22. Whitaker appeared at the deposition without a Kansas attorney.

23. When Whitaker appeared at the deposition and/or when he entered his appearance in the Kansas proceeding without the Kansas attorney he knowingly violated KSA-6,142(a)(1) exceeding the authority of the court order therefore engaged in the unauthorized practice of law.

**COUNT 2**: **Violation of KSA 50-6,142(a)(2) by Defendant Andrew C. Whitaker**

24. On December 21, 2022 when Andrew C. Whitaker knowingly attended and appeared at Plaintiff's deposition without qualifying his appearance as Pro Hac Vice and continued during the deposition without the Kansas attorney, he violated KSA 50627-6,142(a)(2) which prohibits the act of holding out to the public or otherwise represent, expressly or by implication, that such person is admitted to practice law in this state.

25. Creating or attempting to create the appearance of the authorization to practice law is a violation of the statute expressly prohibited by the Kansas legislature.

26. The appearance of authority was made, implied, or attempted to the court reporter, Larry Buessing, Buessing's Counsel, the other Pro Se Plaintiff Reinmuth, and

4

Plaintiff Huffman  Implying by conduct and/or the omission was either the act or alternatively, *the attempt to do the act*, also a violation of subsection (a)(3).

**COUNT 3**: **Violation of KSA 50-6,142(a)(1) by Defendant Andrew C. Whitaker**

27. On December 21, 2022 Andrew C. Whitaker after knowingly entering his appearance without the Kansas attorney, violated KSA 50-6,142(a)(1) when he proceeded to make objections during Plaintiff Huffman's direct exam and then engaged in a direct examination of the witness from pages 73-142.

28. Making objections and engaging in a direct examination constitute practicing law.

29. The act of making objections and asking questions of a witness during a sworn proceeding are actions that are defining characteristics of the practice of law and within the common knowledge of the average person particularly given Whitaker was not a named or pro se party with personal interest in the Kansas action and was under contract for the services as an attorney for a defined dollar per hour when he knowingly failed to have the Kansas attorney present violated the court order, rules, and the statute as engaging in the prohibited act of the unauthorized practice of law.

**COUNT 4-6**: **Violations of KSA 50-6,142(a)(1)(2) and (4) by Defendant Figari & Davenport**

30. Defendant Figari & Davenport, LLP (F+G), is a person under KSA 50-6,142(c)(1) as any corporation, partnership, or other legal entity that, knowingly committed the following acts or omissions which violated the law when providing aid and/or abets a person (Andrew C. Whitaker) to commit acts or omissions that violated this section.

31. F+G as a person under KSA 50-6,142(c)(1) is deemed a "supplier" for the purpose of the unauthorized practice of law section.

32. In the Order, the district court found Andrew Whitaker's address to be Figari + Davenport, LLP, 901 Main Street, Suite 3400, Dallas, Texas 75202. The Defendant F+G is named in the relevant documents with Whitaker as submitted by Defendants.

33. Upon information and belief, Defendant F+G had at the time and currently continues to have a Texas practice serving as Pro Hac Vice Counsel and as such, engaged in aiding and abetting when providing the system for Whitaker to appear at the deposition which include, but is not limited to, financing support staff, supplies, airline tickets from Texas to Kansas, a rental car, travel allowance for out of jurisdiction travel for the attorney to practice law in Kansas whether direct or reimbursed with the expectation of fee revenue knowing he was not licensed in Kansas.

34. At law under Kansas Supreme Court Rules, a firm may be held responsible for the conduct of attorneys practicing before the Court. Here, at minimum, F+G knowingly lacked procedures designed to ensure compliance with the rules relating to multijurisdictional practice despite the Firm agreeing to take the case under the terms of the Order and, upon information and belief, the Firm regularly has pro hac vice income from multiple states which specifically includes income from the unauthorized practice of law at this deposition.

35. In addition, or in the alternative, F+G ratified the conduct. Whitaker's status as a partner also implicates Rule 5.1 as upon information and belief the contract for the services was with F+G, not Whitaker individually implicating agency at common law.

36. By providing an internet advertising presence, law practice management, systems, and under other facts herein alleged or expected to be discovered, Defendant

F+G violated KSA 50-6,142(a)(1), (a)(2) and/or (a)(4) when aiding and/or abetting Whitaker in and relating to the December 21, 2021 unauthorized practice of law in each, Counts 1-3 respectively.

**COUNT 7**: **Violation of KSA 50-6,142(a)(1) by Defendant Andrew C. Whitaker**

37. On February 28, 2023, Andrew C. Whitaker attended and entered his appearance at Plaintiff Huffman's noticed deposition of Heather Purvis.

38. Whitaker entered the following appearance in the deposition record

    MR. WHITAKER: "Andrew Whitaker for MetLife and along with Jennifer Price from MetLife."[1]

39. Whitaker again knowingly appeared at the deposition without a Kansas attorney as required in the Order as he requested by evidence of his e-signature.

40. When Whitaker appeared at the deposition and/or when he entered his appearance in the Kansas proceeding without the Kansas attorney he violated KSA-6,142(a)(1) exceeding the authority of his authorization therefore engaged in the unauthorized practice of law.

**COUNT 8: Violation of KSA 50-6,142(a)(2) by Defendant Andrew C. Whitaker**

41. On February 28, 2023 when Andrew C. Whitaker knowingly attended and appeared at the deposition of Heather Purvis, as noticed by Plaintiff, without qualifying his appearance as Pro Hac Vice and/or when he continued during the deposition without the Kansas attorney in violation of KSA 50-6,142(a)(2) which prohibits the act of holding out to the public or to otherwise represent, expressly or by implication, that such person is admitted to practice law in this state.

---

[1] February 28, 2023 deposition of Heather Purvis (*See* P 5,L 14-15).

7

42. Whitaker knew he was required to have the Kansas licensed counsel with him.

43. Mr. Whitaker made the following record entry of appearance orally recorded by transcript and on video.

```
"Andrew Whitaker for MetLife and along with Jennifer Price
from MetLife."
```

44. Jennifer Price was not licensed to practice law in Kansas or authorized to practice this case.

45. The conduct of entering the appearance knowingly either expressly made or created the impression by inference from Whitaker's words of the authorization to practice law in violation of KSA 50-6,142(a)(2) despite the unambiguous Order limiting authorization to practice to times with the Kansas attorney in person.

46. The appearance of authority was made or implied to the court reporter, Heather Purvis as a non-party witness, the court reporter, the videographer, the other Pro Se Plaintiff Reinmuth, and Plaintiff Huffman Implying by conduct and/or the omission was either the act or alternatively, *the attempt to do the act*, also a violation of KSA 50-6,142(a)(3).

**COUNT 9**: **Violation of KSA 50-6,142(a)(1) by Defendant Andrew C. Whitaker**

47. KSA 50-6,142(a)(1) prohibits Defendant from committing any act or omission that is prohibited by the Kansas Supreme Court, either by court rule or by common law, as being the unauthorized practice of law.

48. On February 28, 2023 Andrew C. Whitaker after knowingly entering his unlawful appearance at the deposition, committed additional acts in violation of KSA 50-6,142(a)(1) when he proceeded to make objections during Plaintiff Huffman's direct

exam and then engaged in a direct examination of the witness from pages 73-142.

49. Making objections and engaging in a direct examination constitute practicing law.

50. The actions of making objections and asking questions of a witness during a sworn proceeding are acts that are defining characteristics of the practice of law within the common knowledge of the average person particularly given Whitaker was under contract for the services as an attorney for a defined dollar per hour when he knowingly failed to have the Kansas attorney present, violated the court order, rules, and the statute as engaging in the prohibited act of the unauthorized practice of law.

**COUNT 10**: **Violation of KSA 50-6,142(a)(1) by Defendant Andrew C. Whitaker**

51. On February 28, 2023 Andrew C. Whitaker committed additional acts in violation of KSA 50-6,142(a)(1) when during the proceeding he engaged in making on record legal opinions and other instructions including instructing the witness not to answer and not to comply with Plaintiff's questions and requests.

52. Stopping Plaintiff's access to information by issuing instructions after making a legal opinion during a deposition constitutes practicing law.

53. Stopping Plaintiff's access to information by issuing instructions to the witness violated the Oath which was submitted requiring compliance with Kansas rules.

54. The actions of issuing instructions and preserving rights during a sworn proceeding are acts that are defining characteristics of the practice of law within the common knowledge of the average person particularly given Whitaker was not a named or pro se party with personal interest in the Kansas action and was under contract for the services as an attorney for a defined dollar per hour when he

knowingly failed to have the Kansas attorney present, violated the court order, rules, and the statute as engaging in the prohibited act of the unauthorized practice of law.

**COUNT 11**: **Violations of KSA 50-6,142(a)(1), (2), (4) by Andrew C. Whitaker**

55.     On February 28, 2023 when Andrew C. Whitaker entered the joint appearance on the deposition record for himself and Jennifer Eve Price he engaged in aiding and abetting violating the unlawful practice of law.

**COUNTS 12-14**: **Violations of KSA 50-6,142(a)(1)(2)(3) by Defendant F&G**

56.     Defendant F+G, as a supplier violated the unauthorized practice of law by aiding and abetting partner Andrew Whitaker and Jennifer Eve Price have additional liability as restated here from Counts 7-11 for reasons as previously set out in Counts 4-6.

**COUNTS 15-16**: **Violations of KSA 50-6,142(a)(1)(2)(3) by Jennifer Eve Price**

57.     On February 28, 2023, Jennifer Price, Esquire, appeared at the deposition.

58.     Ms. Price was responsible for litigation management of this Kansas proceeding, knew of the Orders, and made decisions relating to this Kansas proceeding.

59.     Ms. Price having familiarity with the case and Mr. Whitaker, knew Mr. Whitaker was Pro Hac Vice and was appearing without the Kansas attorney, therefore also knew he was not licensed in Kansas and engaging in the unauthorized practice of law and sat by his side without stopping the conduct, rather participated in it.

60.     Additionally, immediately prior to the deposition Ms. Price was at the table with Mr. Whitaker and Plaintiffs at the court reporter's office in Tampa, Florida when she told the court reporter she was licensed to practice in Florida.

61.     After the hearing Pro Se Plaintiff Reinmuth checked with the Florida bar and

despite the representation of Ms. Price, she was not authorized to practice law in the state of Florida due to inactive status since July 5, 2001.

62. Ms. Price provided the information as if she had the authority to appear, or in an attempt to imply authority, in the deposition as a substitute for the Kansas attorney.

63. Ms. Price is deemed a "Supplier" under KSA 50-6,142(c)(1) as an individual who knowingly committed acts or omissions that violate this section and/or aids or abets a person, here Whitaker and F+G, to commit acts or omissions that violate this section.

64. By her silence on February 28, 2023 and/or additionally by her authorization and/or ratification and/or otherwise allowing Mr. Whitaker to engage in the unauthorized practice of law, Ms. Price is also liable for the conduct in Counts 7-14.

65. Ms. Price, knew at the time and then was provided written notice on or about July 19, 2024 and has continued the silence further ratifying the unauthorized practice of law conduct by remaining silent in all regards.

**RESERVATION TO AMEND THE PLEADING TO COMPORT TO THE EVIDENCE**

Certain information is outside the control of the Plaintiff and expected to be the subject of discovery. Specifically, those things which are within the knowledge and control of Defendants. Therefore, this Complaint is asserted in good faith and subject to amendment upon further information and specific access to information outside the control of the Plaintiff or as discovered.

**WHEREFORE**, Plaintiff prays this Court find the conduct occurred under the standard of more probable than not, with a judgment for punitive and pecuniary damages, and statutory penalties in excess of $75,000.00 which includes up to $10,000 per act for each act and practice in violation of the Kansas Consumer Protection Act doubled as a disabled person and conduct

relating to disability benefits, expenses, an allowance for attorney fees reserved; for injunctive relief, and any other relief this Court finds just and necessary to the maximum allowed by law.

**TRIAL BY JURY DEMANDED**

**RESPECTFULLY SUBMITTED**,

/s/ Donna L. Huffman
By Donna L. Huffman
PRO SE
PO Box 33
Ozawkie, KS 66070
(785) 840-5259 - phone
**donna@thetruthmatters.online**

**VERIFICATION**

I verify under penalty of perjury under the laws of the State of Kansas that the foregoing is true and correct. The events and facts are based on my personal knowledge, experiences, records, and recollections. If called to testify I would testify consistently with such.

_____ Executed on 12/20/2025.
Donna L. Huffman

ELECTRONICALLY FILED
2021 Nov 05 AM 11:18
CLERK OF THE ATCHISON COUNTY DISTRICT COURT
CASE NUMBER: 2021-CV-000023



**Court:** Atchison County District Court

**Case Number:** 2021-CV-000023

**Case Title:** Donna Huffman, et al. vs. Larry Buessing, et al.

**Type:** Order Admitting Out-Of-State Attorney to Practice

SO ORDERED.

/s/ Honorable John Bryant, District Court Judge

Electronically signed on 2021-11-05 11:18:38    page 1 of 3

ATTACHMENT 1

IN THE DISTRICT COURT
OF ATCHISON COUNTY, KANSAS

| | |
|---|---|
| DONNA HUFFMAN AND CRAIG REINMUTH, § § § | |
| Plaintiffs, § § | |
| v. § | Case No. 2021-CV-000023 |
| § | |
| LARRY BUESSING, METROPOLITAN LIFE INSURANCE COMPANY, MASS MUTUAL FINANCIAL GROUP, AND G4S COMPLIANCE AND INVESTIGATIONS, § § § § § § | |
| Defendants. § | |

## ORDER ADMITTING OUT-OF-STATE ATTORNEY TO PRACTICE

IT IS HEREBY ORDERED this _____ day of November 2021, that Andrew C. Whitaker, whose address is Figari + Davenport, LLP, 901 Main Street, Suite 3400, Dallas, Texas 75202, is admitted to practice law before this court for the business of this case only, having made the showing required by Supreme Court Rule 116, and having sworn to and signed the Out-of-State Attorney's Oath.

This order shall be effective only so long as the out-of-state attorney has associated continually and is personally appearing with Scott Nehrbass, upon whom service may be had in all matters connected with this action with the same effect as if personally made on the out-of-state attorney. ATTACHMENT 1

**ORDER ADMITTING OUT-OF-STATE ATTORNEY TO PRACTICE – Page 1**

Submitted by:

/s/ *Scott C. Nehrbass*
Scott C. Nehrbass (Kansas Bar No. 16285)
snehrbass@foulston.com
FOULSTON SIEFKIN LLP
32 Corporate Woods
9225 Indian Creek Parkway, Suite 600
Overland Park, Kansas 66210-2000
(913) 253-2144
(913) 498-2101 (telecopy)

/s/ *Andrew C. Whitaker*
Andrew C. Whitaker
Texas Bar No. 21273600
andrew.whitaker@figdav.com
(*pro hac vice pending*)
FIGARI + DAVENPORT, LLP
901 Main Street, Suite 3400
Dallas, Texas 75202
(214) 939-2000
(214) 939-2090 (telecopy)

ATTORNEYS FOR DEFENDANT
METROPOLITAN LIFE INSURANCE
COMPANY

(This Order, when approved by the assigned judge, shall be served upon all counsel of record in this case.)

ATTACHMENT 2

IN THE DISTRICT COURT
OF ATCHISON COUNTY, KANSAS

| | |
|---|---|
| DONNA HUFFMAN AND CRAIG REINMUTH, § § § § Plaintiffs, § § v. § § LARRY BUESSING, METROPOLITAN § LIFE INSURANCE COMPANY, MASS § MUTUAL FINANCIAL GROUP, AND § G4S COMPLIANCE AND § INVESTIGATIONS, § § Defendants. § | Case No. 2021-CV-000023 |

BEFORE Candace Gullatt, Notary Public for the State of Texas, 901 Main Street, Suite 3400, Dallas, Texas 75202.

**OUT-OF-STATE ATTORNEY'S OATH**

I, Andrew C. Whitaker, solemnly swear or affirm that I will support and bear true allegiance to the Constitution of the United States and the Constitution of the State of Kansas; that I will neither delay nor deny the rights of any person through malice, for lucre, or from any unworthy desire; that I will not knowingly foster or promote, or give my assent to, any fraudulent, groundless, or unjust suit; that I will neither do, nor consent to the doing, of any falsehood in court; and that I will discharge my duties as an attorney and counselor in the District Court of Atchison County, Kansas with fidelity both to the Court and to my cause, and to the best of my knowledge and ability. So help me God.

I, Andrew C. Whitaker, acknowledge that I will be held to the standard of conduct of the State of Kansas and the Kansas Rules of Professional Conduct and will be subject to the order of, and amenable to disciplinary action by, the courts and administrative tribunals of this State.

I, Andrew C. Whitaker, do so swear.

_____
Andrew C. Whitaker
Texas Bar No. 21273600
andrew.whitaker@figdav.com
FIGARI + DAVENPORT, LLP
901 Main Street, Suite 3400
Dallas, Texas 75202
(214) 939-2000
(214) 939-2090 (telecopy)

Now on this 23rd day of September, 2021, came Andrew C. Whitaker, who is known to me. I did administer and the attorney did make the above-stated oath and did also in my presence sign the same.

_____
Notary Public (Seal)

CANDACE A GULLATT
Notary Public
STATE OF TEXAS
ID#1055109-3
My Comm. Exp. Sept. 29, 2024

**OUT-OF-STATE ATTORNEY'S OATH** – Page 2